UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
MING SHU JIN,

        Plaintiff,

                **ORDER**

   - v -

                CV-06-579 (NGG)(VVP)

PACIFIC BUFFET HOUSE, INC. and EUN
SOOK AHN,

        Defendants.
------------------------------------------------------------------x

  Before the court are two discovery disputes concerning depositions of the parties. The defendant seeks an additional two days of deposition testimony from the plaintiff. The plaintiff seeks an additional two hours of testimony from the defendant.

  The justification advanced by the plaintiff for a continuation of the defendant's deposition is that the plaintiff needs to obtain testimony about certain financial records of the defendant's corporation. Because the defendant did not produce any of the checks written in payment of employee wages, the plaintiff was required to obtain all checks written by the defendant's corporation from the issuing bank by means of a subpoena. Those records were only recently received. Given the defendant's failure to maintain the records and the need to obtain the defendant Ahn's testimony about which checks were written in payment of wages, the plaintiff is entitled to continue the defendant Ahn's deposition to explore those matters. The plaintiff's request for a further deposition of the defendant Ahn, limited to questions regarding the checks and limited in time to two hours (unless impeded by the defendant), is therefore granted.

  The defendant Ahn, who is proceeding pro se, contends that she is entitled to an additional two days of deposition testimony because the plaintiff's counsel interfered with her

ability to depose the plaintiff, and improperly coached the plaintiff during the deposition. In order to evaluate the defendant's complaint, the court has reviewed the transcripts of the two days of deposition testimony already provided by the plaintiff. Although there were several occasions where the plaintiff's counsel interrupted testimony with questions which led to unnecessary colloquy regarding the relevance of lines of questioning, the court found no indication that the plaintiff's counsel was disruptive or otherwise improperly impeded the conduct of the deposition. Moreover, the time spent in unnecessary colloquy was far less than the time spent on unnecessary questioning by the defendant about matters of little or no relevance to the matters at issue. For example, virtually the entire morning of the first day of the deposition explored various details about the plaintiff's employment at other restaurants prior to her employment at the defendant's restaurant, matters which have nothing to do with the wage claims made by the plaintiff here. Nor did the court find any indication that the plaintiff's counsel was coaching his client. This conclusion is buttressed by the affidavits of both the court reporter and the interpreter who were present during the deposition.

Ordinarily, the rules contemplate that a witness's deposition be limited to one seven-hour day. Fed. R. Civ. P. 30(d)(2). The time may be extended if a fair examination of the witness demands more time, or if the conduct of the witness or some other person delays the examination. *Id.* Here, because an interpreter was needed to translate both the questions and the answers during the plaintiff's deposition, more than the usual amount of time for a deposition was clearly warranted. But nothing about the conduct of the plaintiff's counsel leads the court to conclude that additional deposition time beyond the two days already afforded to the defendant

must be allowed. The defendant had adequate time to depose the plaintiff about relevant matters, but wasted a good portion of the time exploring irrelevant matters.

Nevertheless, because the defendant is proceeding pro se, and because the court has afforded the plaintiff a further examination of the defendant, the defendant will be afforded an additional two hours to depose the plaintiff on the day when the defendant appears for the completion of her testimony. The continued deposition of the defendant will proceed first, followed by the testimony of the plaintiff. The depositions are to be completed within 30 days.

**SO ORDERED:**

*Viktor V. Pohorelsky*
VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated: Brooklyn, New York
       May 17, 2007