UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
MING SHU JIN,                           :
                                        :
        Plaintiff,         06-CV-0579 (NGG)(VVP)
                                        :
            - against -
                                        :
PACIFIC BUFFET HOUSE, INC. and EUN  :
SOOK AHN,
                                        :
        Defendants.                     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
                                        :
                                        x

## AFFIRMATION OF STEVEN CHOI IN SUPPORT OF
## PLAINTIFF'S APPLICATION FOR AN AWARD OF ATTORNEYS' FEES AND COSTS

STEVEN CHOI, an attorney duly admitted to practice before this Court, hereby affirms, under penalty of perjury, as follows:

1.  I am a member of the bar of this Court and of the nonprofit organization YKASEC – Empowering the Korean American Community. Together with Skadden, Arps, Slate, Meagher and Flom ("Skadden"), I represent Plaintiff Ming Shu Jin in the above-captioned action.

2.  I respectfully submit this affirmation in support of Plaintiff's application for an award of her attorneys' fees and costs.

## OVERVIEW OF THIS APPLICATION

3. As explained in greater detail below, this application seeks an award of $64,520 in attorneys' fees and $16,713.10 in costs incurred by Plaintiff's counsel beginning from approximately 5/5/2005, through and including 10/24/2009. In total, Plaintiff seeks to recover $81,233.10 in attorneys' fees and costs.

4. The total award includes Skadden's attorney fees amounting to $24,830 and Skadden's costs and disbursements amounting to $16,713.10. In total, $41,543 of the award is attributable to Skadden's fees and costs.

5. Likewise, $39,690 of the award is attributable to my own fees.

## FACTORS RELEVANT TO THE PRESENT APPLICATION

6. As the Court is aware, this case arose from Defendants' violations of federal and state minimum wage and tip distribution laws during the course of the ownership and management of the Pacific Buffet House, a restaurant located at 79-17 Albion Avenue, Elmhurst, NY 11373 (the "Restaurant"). Plaintiff is a former waitress at the Restaurant.

7. I began representing Plaintiff in approximately May 2005. This action was filed in February 2006. Skadden then agreed to serve as co-counsel on a pro bono basis.

8. The legal work performed on this matter was substantial. After agreeing to represent Plaintiff, I proceeded to fully investigate the facts, researched the applicable law, and attempted to resolve the case without resorting to litigation. Settlement negotiations proved fruitless, and consequently a complaint was filed, Defendants answered, and the case proceeded to the discovery phase. During this period we conducted four depositions and also prepared for a deposition where the witness ultimately did not appear. Furthermore, as detailed below, several

discovery conflicts arose during this time. The case ultimately proceeded to trial, and the necessary steps to prepare and participate in trial were undertaken. The trial itself lasted six days.

9. By Order dated August 24, 2009, this Court awarded Plaintiff a total of $33,294.10, finding also that Defendant Eun Sook Ahn was an "employer" under both FLSA and NYLL and is thus liable for judgment and damages arising from this litigation. Furthermore, this Court found that Defendant's violations were willful and thus justified an award of liquidated damages.

10. I note that several complicating factors made this matter more time-consuming than the typical wage and hour case. First, language interpreters were needed during the deposition process as well as the trial, thus extending the amount of time normally taken for either process. The depositions in particular required extra time. Each deposition of Plaintiff and Defendant lasted more than fifteen hours total and required two sessions.

11. Next, pre-trial communications with Defendant Eun Sook Ahn were particularly difficult. Defendant Ahn made efforts to avoid service, and then refused to provide any contact information, which required Plaintiff to file an Order to Show Cause as to why Defendant's husband could not receive service.

12. Next, several discovery disputes arose with respect to Defendant Eun Sook Ahn. Defendant Ahn repeatedly failed to respond to discovery requests and generally refused to cooperate with our endeavors to collect evidence. (*See* Letter Motion For Discovery Order, Letter To Judge Pohorelsky For Sanctions.) Furthermore, Defendant and her witness, Seung Hae Kim, also failed to appear for depositions several times. During depositions, Defendant Ahn's resistance to our questions and general unruly demeanor extended the deposition process far beyond what was necessary. (*See* Order Re Depositions.) As such, Defendant Ahn's actions

3

substantially lengthened the amount of time needed to properly collect evidence and this is reflected in the total amount of hours spent on this matter as detailed below.  Additionally, Defendant Ahn even filed a motion, claiming that Plaintiff was coaching witnesses during a deposition using hand motions, requiring Plaintiff to refute this assertion by obtaining affidavits from the court reporter and the interpreter at the deposition.

13. Finally, additional time needed to be spent deciphering Defendant Pacific Buffet House, Inc.'s opaque ownership, management, and financial activities.  The Defendant's failure to provide records for the corporation added to the difficulty to move forward, and required Plaintiff to subpoena various records from banks and the Department of Labor.

## PLAINTIFF'S ATTORNEYS' FEES AND COSTS

**B. Attorney and Paralegal Staff Hours and Rates**

### 1. Hours

14. For the Court's convenience, the chart below lists each attorney and support staff involved in the matter, the relevant time period during which work was performed, the hours worked by that attorney or support staff, and the relevant Exhibit that contains further details.

| Name/Title | Time Period | Hours Recorded | Hours Requested | Relevant Exhibit |
|---|---|---|---|---|
| Steve Choi, Attorney | 5/5/05-10/24/09 | 220.9 | 176.4 | A |
| Beverly Farrell, Attorney | 6/4/07 – 8/31/07<br><br>9/1/07 – 10/5/07 | 12 | 11.2 | B – original<br>C – discounted |
| Jinny Ahn, Attorney | 1/8/07 – 8/31/07<br><br>9/1/07 – 1/9/08 | 202.35 | 191.9 | B – original<br>C – discounted |

### 2. Attorney Rates

4

15. For the Court's convenience, the chart below lists each attorney, the relevant time period where work was performed, the regular rate charged by that attorney, and the requested rate charged by that attorney.

| Name/Title | Time Period | Regular Rate | Requested Rate |
|---|---|---|---|
| Steven Choi, Attorney | 5/5/05-10/24/09 | $225 | $225 |
| Beverly Farrell, Attorney | 6/4/07 – 8/31/07 | $520 | $150 |
|  | 9/1/07 – 10/5/07 | $590 |  |
| Jinny Ahn, Attorney | 1/8/07 – 8/31/07 | $240 | $100 |
|  | 9/1/07 – 1/9/08 | $270 |  |

16. Both the regular rates and the requested rates for the attorneys above are consistent with those attorneys' qualifications and experience, as described below.

17. I have been practicing as an attorney for almost five years. After joining the Asian American Legal Defense and Education Fund ("AALDEF") in September 2004, I was principally engaged in the litigation of wage and hour claims, and I have continued this work at YKASEC – Empowering the Korean American Community since September 2007.  I have been counsel or co-counsel for plaintiffs in over twenty-five state and Federal lawsuits based on Federal and state wage-and-hour law, including eighteen lawsuits in Federal court in the Southern and Eastern Districts of New York.  I have also litigated four trials in the Southern and Eastern Districts of New York, and have helped plaintiffs receive substantial and unprecedented judgments in all four of these trials.

18. Skadden is an international law firm, headquartered in New York City, with over 1700 attorneys practicing in approximately two dozen offices worldwide.  Over 700 attorneys, including the other attorneys named in this application, practice in Skadden's New York office.  To support this office, Skadden employs over one thousand paralegal and support staff members.

5

Skadden's New York office operates twenty-four hours a day, 365 days a year, and consequently employs several shifts of word processors, legal assistants, and other support staff. Skadden occupies over one-half of the office space at Four Times Square, New York, New York, a building with forty-eight floors. The substantial overhead expenses associated with Skadden's extensive operations are obviously reflected in the hourly rates charged by the firm for its services. Those rates have ranged from $240 to $590 for the attorneys and $90 to $240 for the paralegal and support staff who have worked on this case. Skadden customarily bills its clients for the work it performs at its regularly hourly rates and has no policy of granting write-offs. Skadden's regular hourly rates are and have been consistent with the prevailing market rates charged by other large firms in New York City. While Skadden would ordinarily charge its regularly hourly rates and prevailing market rates ranging from $240 to $590 for our attorneys, Skadden has significantly reduced its rates claimed in this particular litigation in the interest of reasonableness and discretion.

19. As discussed in the accompanying memorandum of law, the hourly rates Plaintiff seeks are consistent with those charged by lawyers who regularly represent plaintiffs in civil rights and employment actions. I note that in a wage and hour case litigated more than two years ago, a Federal court in the Southern District of New York awarded me attorney's fees at a rate of $200 per hour. See <u>Do Yea Kim v. 167 Nail Plaza, Inc.</u>, 2009 U.S. Dist. LEXIS 1992 (S.D.N.Y., Jan. 9, 2009).

### 3. Paralegal and Support Staff Rates

20. For the Court's convenience, the expenses Skadden incurred in paralegal staff time are summarized in the chart below:

| Name and Title | Time Period | Regular Hourly Rate | Hourly Rate Requested | Hours Requested | Compensation Sought |
|---|---|---|---|---|---|

6

| Matthew Twomey, Legal Assistant | 8/14/07-8/31/07 | $240 | $150 | 6 | $900 |
|---|---|---|---|---|---|
| Legal Assistant Specialists | 5/29/07-8/21/07 | $90 | $50 | 3.3 | $165 |

As the above chart illustrates, Skadden incurred substantial paralegal staff expenses totaling more than $1,000; however, in the interest of reasonableness and discretion, Plaintiff is waiving these fees.

C. **Charges and Disbursements**

21.     Plaintiff also seeks reimbursement for some of the expenses necessarily expended in the prosecution of this action, as well as costs taxable under 28 U.S.C. § 1920 and Local Civil Rule 54.1.

22.     For the Court's convenience, the chart below lists the charge or disbursement and the amount incurred by Skadden while working on this matter. As noted in the accompanying memorandum of law, Plaintiff seeks reimbursement for only limited amount of expenses incurred in this matter. Further details about the original disbursements may be found in Exhibit D and discounted disbursements may be found in Exhibit E.

| **Charge or Disbursement** | **Amount Sought** |
|---|---|
| Court Reporting | $ 11,092.35 |
| Copying Costs | $ 1,149.60 |
| Professional Fees for Language Interpreters | $ 5,620.75 |
| **Total** | **$ 16,713.10** |

23.     In addition, the chart below lists the charge or disbursement and the amount incurred by myself while working on this matter.

**CONCLUSION**

7

For the reasons set forth above and in Plaintiff's supporting memorandum of law, Plaintiff respectfully requests that this Court award her attorneys' fees and costs in the amount of $81,233.10 for counsels' work on this case.

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 26, 2009, in New York, New York.

                                                                                               _____/s_____
                                                                                               Steven Choi (SC 1906)